**STATE, ex rel. BALLENGER v. HAZLETT.**

Circuit Court, Dade County.

March 23, 1950.

Wilbur S. McDuff, Miami, for petitioner.

W. Ira Hazlett, respondent, in propria persona.

STANLEY MILLEDGE, Circuit Judge.

This cause came on to be heard on March 21 on the return of the respondent and the evidence adduced on behalf of petitioner and respondent, who was present in court.

I find that Eileen Lee and Kathleen Lee Ballenger are the minor children of the petitioner, William Lee Ballenger, and that they are being unlawfully withheld from him.

I make this finding notwithstanding an order entered by the juvenile and domestic relations court of this county—because the petitioner was not given notice of the proceedings in that court. The juvenile judge holds the view that a natural father of children, not married conventionally to the mother, is not entitled to notice or to be heard on the issue of the custody of his children, and that the juvenile court may not inquire into and determine that there was a common law marriage of the parents.

I hold the view that a father of children has the duty to support and the right of custody whether his marriage to the mother is conventional, by agreement recognized as at common law, or even if the children are illegitimate—where, as here, the mother has abandoned

her right to custody. This right of custody cannot be disturbed except upon an adjudication, after *notice*, of the father's unfitness.

Whether the petitioner here is the common law husband of the children's mother, or the children are illegitimate, makes no difference on the question whether he should be deprived of custody, because the mother has relinquished or abandoned her claim to custody.

Even if illegitimacy deprives a father of any rights in the children, the omission of a conventional marriage does not have that effect because the father's rights and duties to the offspring of a common law marriage are precisely the same as if it had been a conventional marriage.

I do not question the power of the juvenile and domestic relations court to take the custody of the children from the petitioner and place the children elsewhere, provided the father is given notice of the proceedings and an opportunity to be heard on the question of his fitness.

Rather than direct the return of the custody of the children immediately to the petitioner it seems advisable to let them remain under the charge of respondent at Dade County Children's Home until there is opportunity for a further hearing before the juvenile and domestic relations court on notice to petitioner on the issue of his fitness to have custody. At the conclusion of the hearing on March 21, I announced that ten days would be allowed for that purpose.

It is ordered, adjudged and decreed that unless by April 8, 1950 there is a further order entered by the juvenile and domestic relations court of Dade County, upon notice to the petitioner here, at which he is given opportunity to be heard, adjudicating the unfitness of the petitioner to have custody of his two children, named above, the respondent is directed to deliver the said children to the petitioner.